# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**JOSEPH M. SCOTT**  **PETITIONER**
ADC #110561

**VS.**          **CASE NO. 5:17-CV-30-DPM-BD**

**WENDY KELLEY, Director,**  **RESPONDENT**
Arkansas Department of Correction

## RECOMMENDED DISPOSITION

**I.** **Procedure for Filing Objections**:

This Recommended Disposition ("Recommendation") has been sent to Judge D. P. Marshall Jr. Either party to this lawsuit may file written objections with the Clerk of Court within fourteen (14) days of the filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.** **Background:**

By felony information issued on September 5, 1996, Petitioner Joseph M. Scott was charged with six counts of rape in Pulaski County, Arkansas. On February 24 1997, Mr. Scott pleaded guilty to four of the six counts and was sentenced to an aggregate term of 40 years' imprisonment in the Arkansas Department of Correction. (Docket Entry #6-

1) He did not file a direct appeal following his plea or sentence, and he never filed a Rule 37 motion for post-conviction relief. (#2 at 2-3)

Mr. Scott initiated the instant petition on February 6, 2017. (#2) In it, he alleges that his guilty plea was not knowingly, intelligently, or voluntarily entered because the "State of Arkansas never prove[d] the charge . . . ." (#2 at 5) He further argues that his trial counsel performed deficiently by not seeking discovery. (*Id*. at 7) Respondent contends that Mr. Scott's claims are barred by the applicable statute of limitations, procedurally defaulted, and deficiently pleaded.

### III. Discussion:

The instant Petition is untimely.[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The triggering date in this case was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Pursuant to the Arkansas Criminal Rules of Appellate Procedure, criminal defendants who enter unconditional guilty pleas have no right to a direct appeal. Ark. R. App. P.–Crim 1(a). Nevertheless, for purposes of determining when the one-year limitations period began to run, the judgment is deemed final thirty days after entry of the judgment. *Camacho v. Hobbs*, 774 F.3d 931, 935 (2015), *cert. denied*, 136 S.Ct. 81 (2015); Ark. R. App. P. –Crim. 2(a)(1).

---

[1] Because Mr. Scott's claims are barred by the statute of limitations, there is no point in addressing the other arguments raised by Respondent in her response.

After Mr. Scott's February 24, 1997 guilty plea, his judgment was filed of record on March 21, 1997.[2] (#6-1) Therefore, the one-year limitation period began to run no later than April 22, 1997.[3] Mr. Scott did not file his pending petition until February 6, 2017, roughly 20 years after the statute of limitations had expired. Accordingly, there can be no dispute that Mr. Scott's petition is barred by the statute of limitations. 28 U.S.C. § 2244(d)(1)(A).

While the limitations period in § 2244(d)(1) is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), in order to benefit from equitable tolling, a petitioner must show that he has pursued his rights diligently but some extraordinary circumstances stood in his way and prevented a timely filing. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Mr. Scott does not allege that extraordinary circumstances prevented him from filing a timely habeas petition. He does not point to any action or circumstance attributable to the State – or to any other cause – that prevented him from bringing a timely habeas petition. Consequently, he is not entitled to equitable tolling.

---

[2] Respondent wrongly assumes a date thirty days after Mr. Scott's guilty plea rather than thirty days after the date judgment was entered in calculating when the statute began to run. The docket sheet shows that the judgment was entered on March 21, 1997. *See State v. Joseph Michael Scott*, 60CR-96-2327 (obtained through CourtConnect on the Arkansas Judiciary's homepage). The miscalculation, however, makes no difference in the outcome of Mr. Scott's habeas petition.

[3] Because thirty days from the filing of the judgment fell on Sunday, April 20, 1997, Mr. Scott had until April 21, 1997, to file an appeal. *See* Fed. R. Civ. P. 6(a)(1)(C) (Sunday rule).

**IV.     Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Scott has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Scott has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

**V.     Conclusion:**

Mr. Scott's petition is time barred. Accordingly, the Court recommends that his petition for writ of habeas corpus (#2) be DISMISSED with prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 12th day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE